# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-4525 PA (MARx) | Date | June 4, 2024 |
|---|---|---|---|
| Title | Daniel Beck, et al. v. Weston Palmer, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

On May 15, 2024, the Court ordered plaintiffs Daniel Beck, Cedric Crisolo, and Caroline Le (collectively "Plaintiffs"), who are represented by counsel, by no later than May 28, 2024, to either file a dismissal without prejudice of their claims against defendant Weston Palmer ("Palmer") in this action (if they now intend to pursue their claims in the bankruptcy case) or, in the alternative, to show cause in writing why this action should not be dismissed without prejudice and/or administratively closed pending further developments in the bankruptcy case. The Court explicitly warned, "[f]ailure to timely and adequately respond to this Order may, without further warning, result in the dismissal of this action without prejudice." As of today's date, Plaintiffs have not filed anything in response to the Court's Order to Show Cause.

The Court may dismiss with prejudice an action or claim <u>sua sponte</u> if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. <u>See Link</u>, 370 U.S. at 629-30; <u>Yourish</u>, 191 F.3d at 987-88; <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

In <u>Henderson v. Duncan</u>, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing <u>Ferdik</u>, 963 F.2d at 1263). Cases involving <u>sua sponte</u> dismissal warrant special focus on the fifth <u>Henderson</u> factor. <u>Id.</u>

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-4525 PA (MARx) | Date | June 4, 2024 |
|---|---|---|---|
| Title | Daniel Beck, et al. v. Weston Palmer, et al. | | |

Here, an evaluation of the <u>Henderson</u> factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. <u>See</u> Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Yourish</u>, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See id.</u> ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third <u>Henderson</u> factor at least marginally favors dismissal because defendant may be further prejudiced unless the complaint is dismissed. <u>See</u> <u>Yourish</u>, 191 F.3d at 991.

Finally, in considering the fourth and fifth <u>Henderson</u> factors, the Court notes that Plaintiffs were warned about the consequences of failing to respond to the Court's Order to Show Cause. Nevertheless, Plaintiffs have taken no action. On this record, the Court finds that Plaintiffs have abandoned prosecution of this action in this Court, and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiffs' failure to prosecute and obey Court orders. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, and Plaintiffs remain free to pursue their claims against Palmer in the bankruptcy proceeding, the fifth <u>Henderson</u> factor favors dismissal. <u>See</u> McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiffs have abandoned their claims by failing to respond to the Court's Order to Show Cause. The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986-88; <u>Ferdik</u>, 963 F.2d at 1260. The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.